**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **JAMES D. DIETER,** | CASE NO. 3:25 CV 265 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | **MEMORANDUM OPINION AND ORDER** |

### INTRODUCTION

Plaintiff James D. Dieter seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Amanda M. Knapp for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(1). Judge Knapp recommends this Court affirm the Commissioner's final decision. (Doc. 10). Plaintiff filed an objection to the R&R (Doc. 11),[1] and the Commissioner filed a response thereto (Doc. 12). For the reasons set forth below, the Court overrules Plaintiff's objection adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for supplemental security income in June 2022, alleging a disability onset date of November 1, 2021. *See* Tr. 193. Following the administrative process, an administrative

---

1. The Court observes Plaintiff's objection was not timely filed. Although the objection's Certificate of Service states it was filed electronically on February 3, 2026 (the expiration date of the fourteen-day objection time period under Federal Civil Rule 72(b)(2)) the document was actually filed on February 4, 2026. *See* Doc. 11. Nevertheless, because the Commissioner addresses Plaintiff's objection on the merits, the Court finds it appropriate to do so as well.

law judge ("ALJ") issued a written decision on January 3, 2024, finding Plaintiff not disabled. (Tr. 17-34). This appeal ultimately followed. (Doc. 1).

Plaintiff originally raised two arguments regarding the ALJ's decision: (1) "[t]he ALJ failed to consider Plaintiff's need for an accommodation in the form of a bariatric chair"; and (2) "[t]he ALJ failed to account for the state agency psychologists' opinions regarding a need for additional breaks and additional social interaction limitations." (Doc. 7, at 2). As part of her second argument, Plaintiff asserts the ALJ erred in defining the term "superficial" as it relates to workplace social interactions. *Id.* at 16-18.

In her R&R, Judge Knapp concluded: (1) the ALJ did not err with respect to the omission of a bariatric chair accommodation; and (2) the ALJ properly considered and articulated her findings regarding the psychological consultants' opinions regarding "occasional" breaks and "superficial" interactions. (Doc. 10, at 20-31). She specifically concluded the ALJ did not err in failing to substantively address a definition of "superficial" provided by Plaintiff. *Id.* at 26-31. Accordingly, she recommends the Court affirm the Commissioner's decision. *See id.* at 32.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days after being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc.*

*Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (citation modified). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## DISCUSSION[2]

Plaintiff raises a single objection to the R&R regarding the definition of "superficial" in the ALJ's residual functional capacity ("RFC"). He argues the ALJ "did not really address the definition" from the Appeals Council order, contrary to the R&R's determination that "there was no error because the ALJ addressed the evidence submitted by [Plaintiff] introducing the competing definition for a limitation to 'superficial' interaction." (Doc. 11, at 2-3). Rather, he contends, the ALJ "simply rejected" the definition and then provided her own definition of the term. *Id.* at 3. On Plaintiff's account, this constitutes reversable error. *Id.* at 4.

The state agency consultative psychologists in this case opined Plaintiff should "be limited to work environments with infrequent interactions with the general public, as well as coworkers" and that "[i]nteractions should be superficial if they are to happen." (Tr. 77, 89). These opinions did not define the term "superficial." The ALJ explained she found these opinions "somewhat persuasive" and stated she had "accounted for the opined superficial interactions within the adopted RFC with clarification." (Tr. 31). The RFC provided Plaintiff could "do no team or tandem tasks or work that has to be done alongside of others in order to complete tasks" and was "limited

---

2. Neither party objects Judge Knapp's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Knapp.

to occasional, brief and superficial interactions with supervisors, coworkers, and the general public." (Tr. 23). The ALJ defined a limitation to "superficial interactions" as "able to be in proximity of others, able to exchange greetings, and able to engage in discussions that do not require persuasion, or involve team or tandem tasks." *Id.* Such interactions "should be restricted to what is necessary to perform necessary work tasks and [Plaintiff] can engage in casual conversation." *Id.* Plaintiff points to a different definition of "superficial interaction" adopted by the Appeals Council in an unrelated Social Security appeal:

> "superficial interaction" is a term that is readily defined, understood and applicable to a work setting, as it speaks to the depth, kind and quality of social interactions, and indicates that the claimant could not have sustained more than shallow or cursory interactions with others, i.e., coworkers, the general public, and/or supervisors.

(Tr. 282-83); (Doc. 7, at 16). The ALJ explained why she did not use this definition:

> The representative of record requested that a redacted Appeals Council order be exhibited in the claimant's claims folder which pertains to a different claimant for the purpose of referencing the Appeals Council's definition of "superficial interactions." (Exhibit 11E). While the correspondence was exhibited, the undersigned notes that the Appeal Council Order is not applicable and binding outside of the claim referenced in that order. Moreover, as "superficial interactions" is not a defined vocational term, the undersigned has provided clarification of its meaning, applicable in this claim, as referenced within the adopted residual functional capacity herein.

(Tr. 17-18).

Plaintiff contends "it was the ALJ's responsibility to consider [the Appeal Council's] definition." (Doc. 11, at 3). In support, he relies on the Sixth Circuit's opinion in *Mabry-Schlichter v. Commissioner of Social Security*, 2025 WL 1604376 (6th Cir).[3]

---

3. Plaintiff provides the LEXIS citation for the district court opinion in this case which was captioned *Dawn M. v. Commissioner of Social Security*, but he cites the date of the Sixth Circuit appellate decision and seemingly references that opinion. *See* Doc. 11, at 3 (citing "*Dawn M. v. Comm'r of Soc. Sec.*, 2024 U.S. Dist. LEXIS 133382 (6th Cir. Jun. 6, 2025)" as a "recent Sixth Circuit decision").

In *Mabry-Schlichter*, the district court originally remanded because the ALJ did not address an opined limitation to "superficial" contact with supervisors and coworkers. *Id.* at *4. On remand, the ALJ incorporated a superficial interaction limitation in the RFC, defining this as having "the ability to receive simple instructions, ask simple questions, and receive performance appraisals" but lacking "the ability to engage in more complex social interactions such as persuading other people or rendering advice." *Id.* (quoting the ALJ's decision). The Sixth Circuit affirmed over Plaintiff's argument that "the ALJ independently erred by imposing a 'superficial' contact limitation that relies on social restrictions that 'are narrower' than the reviewing psychologists' 'broad preclusion of any and all workplace interaction which is more than superficial.'" *Id.* at *5 (quoting Appellant's brief) (citation modified). It explained:

> [A]n ALJ is not required to adopt a psychologist's limitations wholesale. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). More importantly, as discussed, the reviewing psychologists never elaborated on the meaning of the term in their opinions. The remand order and applicable regulations and guidance also lack any specific definition or list of criteria regarding "superficial" workplace interaction. Lacking extensive guidance, the ALJ delineated specific social restrictions based on his understanding of what a "superficial" contact limitation requires in this context. Mabry-Schlicher does not offer developed argumentation that any of these specific restrictions are unsupported by substantial evidence or otherwise unreasonable. Accordingly, we cannot conclude that the ALJ erred on this basis.

*Id.*

Plaintiff in the instant case contends *Mabry-Schlicher* is instructive because there, the record contained no competing definition for "superficial," whereas "the record here contains a competing definition" that the ALJ should have addressed. (Doc. 11, at 4). The Court disagrees. Judge Knapp accurately explained that an Appeals Council definition "lies outside of the traditional evidence ALJs are expected to consider in making a disability determination" and "a definition articulated by the Appeals Council in a single unrelated case is not binding on the ALJ

in this case." (Doc. 10, at 29). Thus, like in *Mabry-Schlicher*, the record here did not contain a competing definition of "superficial" the ALJ was required to consider. The Court agrees with Judge Knapp that "the ALJ did not err when she declined to address the substance of that non-binding order in her decision." (Doc. 10, at 30). Plaintiff's objection is therefore overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objection is OVERRULED, Judge Knapp's R&R (Doc. 10) is ADOPTED as the order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: March 13, 2026